IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>            Plaintiff,<br><br>      vs.<br><br>COALINGA STATE HOSPITAL,<br>DR. RICHARD MAY, AND DOES<br>1-69,<br><br>            Defendants. | No. CV-F-09-1892 OWW/SKO<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br>(Doc. 26) |

Plaintiff Michael B. Williams, proceeding *in pro per* and alleged to be an Involuntary Civil Detainee currently incarcerated under an Ex Parte Order to the Custody of Pam Ahlin, Executive Director of the Coalinga State Hospital pursuant to California's Sexually Violent Preditor Act, California Welfare & Institution Code §§ 6600 *et seq.*, filed a *qui tam* Complaint for Violation of the Federal False Claims Act, 31 U.S.C. § 3279 *et sea.* and of California's False Claims Act, California Government Code §§ 12650 *et seq*.

1

1    Both the United States and the State of California have
2 declined to intervene in this *qui tam* action.  In its July 16,
3 2010 notice of election to decline intervention, the United
4 States suggested that the *qui tam* action be dismissed as to the
5 United States, citing *Stonor v. Santa Clara County of Education*,
6 502 F.3d 1116 (9th Cir.2007).  In *Stonor*, the Ninth Circuit held
7 that a party proceeding *in pro per* cannot prosecute a *qui tam*
8 action on behalf of the United States.  502 F.3d at 1125-1128.
9 By Order filed on July 16, 2010, the Court dismissed the action
10 only as to the United States without prejudice and ordered the
11 action unsealed.

12    Plaintiff moves for reconsideration of the July 16, 2010
13 Order.  Plaintiff seeks reconsideration on the ground that he was
14 not given an opportunity pursuant to the Court's Local Rules to
15 oppose the United States' suggestion of dismissal before the
16 Order was signed.  In addition, Plaintiff asserts that 28 U.S.C.
17 § 1654 ("In all courts of the United States the parties may plead
18 and conduct their own cases personally or by counsel as, by the
19 rules of such courts, respectively, are permitted to manage
20 conduct causes therein")

> 21    would have allowed plaintiff to continue to
> prosecute his personal interest in this
> 22    complaint at the District Court level against
> Defendant Richard May, a hospital staff
> 23    psychiatrist on constitutional claims of
> submitting fraudulent annual patient-
> 24    psychiatric evaluation reports, therefor
> violating plaintiff's due process and equal
> 25    protection guarantees under the Fifth and
> Fourteenth Amendments.  The only relief
> 26    sought by plaintiff alleging such

> Constitutional claims would be compensatory, and punitive damages for the physical, mental and emotional injuries sustained by plaintiff in not being properly evaluated by defendant may [sic] pursuant to legally adopted hospital regulations, which is, in itself, sufficient prejudice to justify relief.

As to Plaintiff's first ground for reconsideration, on June 23, 2010, Plaintiff filed a Request for Appointment of a Master to Investigate Fraud Charges and a Renewed Request for Appointment of Counsel to Represent *Qui Tam* Plaintiff Williams, (Doc. 21), which motion has not been resolved. In *Stonor*, the Ninth Circuit ruled that a *pro se* qui tam plaintiff should be given a reasonable opportunity to obtain counsel before dismissing a *qui tam* action against the United States. 502 F.3d at 1128.

As to Plaintiff's second ground for reconsideration, the Complaint does not state claims for relief based on the alleged violations of Plaintiff's Constitutional rights. All the claims for relief and the remedies are based on the alleged violations of the Federal False Claims Act and of the California False Claims Act. If Plaintiff intends to allege a claim for violation of his individual constitutional rights, he must file a complaint pursuant to 42 U.S.C. § 1983.[1]

Plaintiff's motion for reconsideration is GRANTED and the July 16, 2010 Order dismissing the action as to the United States is VACATED pending resolution of Plaintiff's motion for

---

[1] If Plaintiff intends to so proceed, the Court expresses no opinion whether such a claim may be barred by *Younger v. Harris*.

**appointment of counsel.  If counsel is not appointed, this action will be dismissed as to the United States.  If Plaintiff intends to proceed on his claims of alleged denial of Plaintiff's constitutional rights, he must file an Amended Complaint alleging such claims.**

IT IS SO ORDERED.

**Dated:   August 31, 2010**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE